**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: William E. Naugle and<br>Heather L. Naugle<br><br>Debtor(s). | )<br>) Case No. 24-70213-JAD<br>)<br>) Chapter 13<br>)<br>)     Related to Docs. #7, 24 and 25<br>X |

**ORDER OF COURT**
**(Check Boxes That Apply)**

☒  **Confirming Plan on Final Basis**          ☒  **Chapter 13 Plan dated:**
                                                                     5-24-24

☐  **Authorizing Distributions Under Plan**    ☐  **Amended Chapter 13 dated:**
**On Interim Basis Solely as Adequate**    _____
**Protection**

IT IS HEREBY ORDERED that the Chapter 13 Plan Payment is $1095 effective 8/24.

IT IS HEREBY ORDERED that pursuant to the plan identified above (the "Plan"), as the same may be modified by this Order, the Chapter 13 Trustee is authorized to make distributions to creditors holding allowed claims from available funds on hand. Such distributions shall commence no earlier than the Chapter 13 Trustee's next available distribution date after the first day of the month following the date on which this Order is entered on the Court's docket.

IT IS FURTHER ORDERED that those terms of the Plan which are not expressly modified by this Order shall remain in full force and effect. To the extent any terms and conditions of the Plan are in conflict with this Order, the terms of this Order shall supersede and replace any conflicting terms and conditions of the Plan.

1. **Unique Provisions Applicable Only to This Case:** *Only those provisions which are checked below apply to this case:*

    ☒     A. For the remainder of the Plan term, the periodic monthly Plan payment is amended to be $1095, beginning 8/24. To the extent there is no wage attachment in place or if an existing wage attachment is insufficient to fund the Plan payments, counsel to the Debtor(s) shall within seven (7) days hereof file a wage attachment motion (or motions) to fully fund the Plan payments, or shall sign up for and commence payments under the Trustee's TFS online payment program.

☐     B. The length of the Plan is changed to a total of at least ____ months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved.

☐     C. To the extent this Order is entered as a form of adequate protection, the Trustee is authorized to distribute to secured and priority creditors with percentage fees payable to the Chapter 13 Trustee on receipt as provided for in 28 U.S.C. §586. ***Continued conciliation conferences before the Trustee or contested hearings before the Court shall proceed on such dates and times as appear on the case docket.*** The Trustee is deemed to have a continuous objection to the Plan until such time the Plan is confirmed on a final basis.

**PARTIES ARE REMINDED OF THEIR DUTY TO MONITOR THE COURT'S DOCKET AND ATTEND DULY SCHEDULED HEARINGS. THE PARTIES ARE FURTHER REMINDED OF THEIR DUTY TO MEET AND CONFER AND OTHERWISE ENGAGE IN GOOD FAITH SETTLEMENT NEGOTIATIONS WITH RESPECT TO ANY OBJECTION TO PLAN CONFIRMATION. FAILURE TO COMPLY WITH THESE DUTIES MAY RESULT IN THE IMPOSITION OF SANCTIONS AGAINST THE OFFENDING PARTY.**

☐     D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐     E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐     F. The following utility creditor _____ shall be paid monthly payments of $_____ beginning with the Trustee's next distribution and continuing for the duration of the Plan's term, to be applied by that creditor to its administrative claim, ongoing budget payments and/or security deposit. These payments shall be at the third distribution level.

☒     G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim:
*PA Rev CL#1
*Lakeview Loan CL#9

☒     H. The secured claims of the following creditors shall govern as to claim amount, to be paid at the modified plan interest rate in a monthly amount to be determined by Trustee to pay the claim in full during the Plan term:

   *M&T Bank CL#10

☐ I.  The secured claim(s) of the following creditors shall govern as to claim amount, to be paid at the indicated interest rate in a monthly amount to be determined by Trustee to pay in full during the Plan term:

  _____

☐ J.  The secured claim(s) of the following creditor(s) shall govern, following all allowed post-petition payment change notices filed of record:

  _____

☒ K.  Additional Terms and Conditions:
*If household average monthly income will increase by 10% or more over the amount indicated in the most recently filed Schedule I, because of new employment, increased wages or salaries, bonuses or other one time or periodic payments (prorated over a twelve month period), additional sources of income (whether taxable or not), or for any other reason, or if disposable income increases as a result of the maturity or retirement of any Sch I deduction (including particularly the repayment of the 401k loan) or termination of any obligation set forth in the last filed Schedule I or J, Debtor(s) shall file, within 30 days of such change, an amended Sch I (and amended Sch J if appropriate). Question(s) about whether UNS Creditor POT should be adjusted for any such change is reserved and is retroactive to the date of the change in indicated disposable income.
*To the extent the Plan is confirmed pre-bar date(s) or the completion of pending or contemplated litigation (including objections to claims), or Loss Mitigation (LMP) creditors will be paid per plan in the plan amount (or as superseded by this Confirmation Order or other Order(s) of Court) notwithstanding a claim in a greater amount or priority. Debtor shall review all proofs of claims as filed and to take such action(s), including modification of the Plan or this Confirmation Order, as is necessary to address claim discrepancies and to address other subsequent events that will affect the adequacy of plan funding (including the outcome of contemplated or pending litigation, objection to claims, and LMP).

*All plan payments must be by TFS, WA, or (where eligible) ACH. Trustee reserves the right to reject money orders or cashier's checks, provided further that if she, in her discretion, presents such items for payments she may keep the funds on hold for more than 30 days before distributing on such types of payments. Debtors making payments by money order or cashier's check assume the risk that distributions under the plan will be delayed because of the failure to pay by one of the approved methods.*

**2. Deadlines.** The following deadlines are hereby established and apply to this case:

**A.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates a sale or sales of assets or the recovery of litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**B.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor(s) (or Debtor(s)' attorney, if represented), shall review the proofs of claim filed in this case and shall file objections (1) to any disputed timely filed claims within ninety (90) days after the claims bar date, or (2) to any disputed late filed or amended claims within ninety (90) days after the amended and/or late claims are filed and served. Absent a timely objection or further order of the Court, the timely filed proof of claim will govern as to the classification and amount of the claim; provided however, no creditor shall receive a distribution in this case until such time as the relevant allowed claim is provided for in the Plan or any subsequent amended plan.

**C.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, and all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**D.    Filing Amended Plans or Other Stipulation.** Within fourteen (14) days after the Bankruptcy Court resolves the priority of a claim, avoidability of a lien or interest, or extent of a lien, or any objection to claim, the Debtor(s) shall file an Amended Plan or Stipulated Order Modifying Plan to provide for the allowed amount of the lien or claim if the allowed amount and/or treatment differs from the amount and/or treatment stated in the Plan. The Debtor(s) or Counsel for Debtor(s) should inquire with the Chapter 13 Trustee regarding whether an Amended Plan or proposed Stipulated Order Modifying Plan is the preferred course of action. In addition, if after the conclusion of the claims bar date and any associated litigation, the Plan is underfunded, Debtor(s) shall also file (1) an amended Plan increasing the monthly Plan payment, and (2) a revised wage attachment to provide for the increased funding.

**3.    Additional Provisions.** The following additional provisions apply in this case:

**A.**    Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**B.**    The Trustee shall hold in reserve any distributions under the Plan to any creditor who holds a claim that is provided for in the Plan but which is subject to a duly filed claims objection. Upon entry of further order of the Court, or ultimate allowance of the disputed claim provided for in the Plan, the Trustee may release the reserve and make distribution to the affected creditor. Unless otherwise permitted by separate Order of Court, Trustee shall not commence distributions to unsecured creditors until after the later of the government bar date and a filed notice of an intention to pay claims (the later date being the "Earliest Unsecured Distribution Date"). Trustee may, but has no obligation to, further defer distributions to unsecured creditors until a later

date after the Earliest Unsecured Distribution Date.

   C. Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

   D. Debtor(s)' counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

   E. The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default.

   F. In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any allowed **secured claim** (that is secured by the property subject to the relief from stay order), unless otherwise directed by further Order of Court.

   G. The Debtor(s) shall maintain all policies of insurance on all property of the Debtor(s) and this estate as required by law and/or contract.

   H. The Debtor(s) shall pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they become due.

Dated: _____9/3/2024_____

_____ sjk
United States Bankruptcy Judge
Jeffery A. Deller

cc:  All Parties in Interest to be served by Clerk

FILED
9/3/24 11:34 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 24-70213-JAD |
| William E. Naugle | Chapter 13 |
| Heather L. Naugle | |
| Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-7 | User: auto | Page 1 of 2 |
| Date Rcvd: Sep 03, 2024 | Form ID: pdf900 | Total Noticed: 15 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 05, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | William E. Naugle, Heather L. Naugle, 150 Waterfall Drive, Johnstown, PA 15906-3814 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 15803175 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Sep 04 2024 03:29:31 | Capital One, Attn: Bankruptcy, Po Box 30285, Salt Lake City, UT 84130-0285 |
| 15807750 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Sep 04 2024 03:29:39 | Capital One N.A., by AIS InfoSource LP as agent, PO Box 71083, Charlotte, NC 28272-1083 |
| 15803176 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Sep 04 2024 03:18:00 | Comenity Bank/Victoria Secret, Attn: Bankruptcy, Po Box 182125, Columbus, OH 43218-2125 |
| 15806565 | | Email/Text: mrdiscen@discover.com | Sep 04 2024 03:18:00 | Discover Bank, Discover Products Inc, PO Box 3025, New Albany, OH 43054-3025 |
| 15803177 | + | Email/Text: mrdiscen@discover.com | Sep 04 2024 03:18:00 | Discover Financial, Attn: Bankruptcy, Po Box 3025, New Albany, OH 43054-3025 |
| 15805196 | + | Email/Text: ElectronicBankruptcyNotices@fnb-corp.com | Sep 04 2024 03:18:00 | First National Bank of Pennsylvania, 4140 E. State Street, Hermitage, PA 16148-3401 |
| 15803178 | + | Email/Text: ElectronicBankruptcyNotices@fnb-corp.com | Sep 04 2024 03:18:00 | First National Bank of Pennsylvania, Attn: Legal Dept, 3015 Glimcher Blvd, Hermitage, PA 16148-3343 |
| 15803179 | + | Email/Text: PBNCNotifications@peritusservices.com | Sep 04 2024 03:18:00 | Kohl's, Attn: Credit Administrator, Po Box 3043, Milwaukee, WI 53201-3043 |
| 15809253 | | Email/PDF: resurgentbknotifications@resurgent.com | Sep 04 2024 03:29:10 | LVNV Funding, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 15803180 | + | Email/Text: LC-Bankruptcy-RF@loancare.net | Sep 04 2024 03:18:00 | Loancare Llc, 3637 Sentara Way, Virginia Beach, VA 23452-4262 |
| 15803181 | | Email/Text: camanagement@mtb.com | Sep 04 2024 03:18:00 | M&T Credit Services, Attn: Bankruptcy, Po Box 844, Buffalo, NY 14240 |
| 15840176 | + | Email/Text: camanagement@mtb.com | Sep 04 2024 03:18:00 | M&T Bank, PO Box 1508, Buffalo, NY 14240-1508 |
| 15803515 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Sep 04 2024 03:18:00 | Pennsylvania Department of Revenue, Bankruptcy Division PO Box 280946, Harrisburg, PA 17128-0946 |
| 15823441 | | Email/Text: bnc-quantum@quantum3group.com | Sep 04 2024 03:18:00 | Quantum3 Group LLC as agent for, Comenity Bank, PO Box 788, Kirkland, WA 98083-0788 |

TOTAL: 14

Case 24-70213-JAD    Doc 27    Filed 09/05/24    Entered 09/06/24 00:36:59    Desc Imaged
Certificate of Notice    Page 7 of 7

| District/off: 0315-7 | User: auto | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Sep 03, 2024 | Form ID: pdf900 | Total Noticed: 15 |

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | LAKEVIEW LOAN SERVICING, LLC |
| cr | * | LVNV Funding, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 15839748 | *+ | LoanCare, LLC, 3637 Sentara Way, Virginia Beach, VA 23452-4262 |

TOTAL: 1 Undeliverable, 2 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 05, 2024                    Signature:    /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 3, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brent J. Lemon | on behalf of Creditor LAKEVIEW LOAN SERVICING  LLC blemon@kmllawgroup.com, lemondropper75@hotmail.com |
| Corey J. Sacca | on behalf of Debtor William E. Naugle csacca@bononilaw.com coreysacca@gmail.com;bankruptcy@bononilaw.com;bononiecfmail@gmail.com;r39887@notify.bestcase.com;3230706420@filings.docketbird.com |
| Corey J. Sacca | on behalf of Joint Debtor Heather L. Naugle csacca@bononilaw.com coreysacca@gmail.com;bankruptcy@bononilaw.com;bononiecfmail@gmail.com;r39887@notify.bestcase.com;3230706420@filings.docketbird.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |

TOTAL: 5